IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THEODORE BROWN.
        Petitioner,
vs.                              Case No.: 5:11cv122/RS/EMT

PAIGE AUGUSTINE,
        Respondent

---

## ORDER and REPORT AND RECOMMENDATION

This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). The Government has filed a response (doc. 7), and Petitioner has replied (doc. 12). Petitioner has also filed a motion to amend petition (doc. 18), which was not opposed by the Government. The motion to amend is granted to the extent the court has considered the arguments raised therein in ruling on the petition for writ of habeas corpus.

### Background

Petitioner is a federal inmate currently incarcerated in the Federal Correctional Institution at Marianna, Florida. He was convicted in the Southern District of Georgia of violating 18 U.S.C. § 922(g), possession of a firearm by a convicted felon, and sentenced in accordance with 18 U.S.C. § 924(e), the Armed Career Criminal Act, to a term of 312-months imprisonment (doc. 7, att. 6).

Petitioner had several underlying state court convictions. On September 18, 1973, after a guilty plea he was sentenced by the Chatham Superior Court in the state of Georgia to a term of eighteen-years imprisonment for Robbery by Intimidation (doc. 7, att. 2). Then, on July 24, 1974, he was sentenced by the same court to a term of life imprisonment for murder, to run consecutive to any other sentence previously imposed by the State of Georgia (*id.* att. 3). Petitioner was granted parole on February 7, 1989, and his parole was revoked on February 2, 1994, due to his conviction

for Aggravated Assault and Criminal Attempt to Kidnap (*id.* att. 4). He was subsequently remanded to state custody to serve the remainder of his "maximum sentence or sentences" (*id.*).

On August 31, 1994, Petitioner was temporarily taken into Federal custody by the United States Marshals Service on a Federal Writ of Habeas Corpus Ad Prosequendum (doc. 7, att. 1, declaration of Alan Ray, Management Analyst at the Designation and Sentence Computation Center). He was convicted in the Southern District of Georgia of possession of a firearm by a convicted felon and sentenced on February 13, 1995, to a term of 312-months imprisonment pursuant to the armed career criminal act (*id.*, att. 6). The federal judgment is silent as to its relationship to Defendant's state sentence (*id.*).

Defendant was returned to state custody on February 13, 1995, the date of his federal sentencing, to complete his Georgia state sentence (doc. 7, att. 1, ¶ 15). He completed this sentence on July 7, 2009, and was taken into federal custody to begin serving his federal sentence (*id.,* att. 8). The Bureau of Prisons ("BOP") prepared a sentence computation on Petitioner, based on a 312-month term of imprisonment, which commenced on July 7, 2009 (*id.*, att. 9). Respondent takes the position that because the federal sentence was imposed after the state sentence was imposed, Petitioner is not eligible for a *nunc pro tunc,* or retroactive, designation (*id.*, att. 1, ¶ 13). Because the federal judgment offered no direction as to whether the federal sentence was intended to run concurrently or consecutively, the BOP determined that it would run consecutively in accordance with BOP Program Statement 5880.28 (*id.*, att. 1, ¶¶ 12, 14, att. 7). Petitioner's current projected release date is February 29, 2035 via good conduct time (*id.* att. 6).

Petitioner's Claims for Relief

Although Petitioner separates his claims into four grounds for relief, they are actually subject to division into two claims, and will be discussed accordingly.

Petitioner first claims that the BOP failed to correctly calculate his sentence. The Attorney General, though the BOP, is responsible for administration of inmate sentences. 18 U.S.C. § 3621(a); United States v. Wilson, 503 U.S. 329, 331, 335 (1992) (citing § 3621(a)). The district court does not have authority to compute the credit for time served at sentencing. Wilson, 503 U.S. at 334–35. Instead, this is done by the BOP which has promulgated extensive policies to govern the computation. *See* BOP P.S. 5880.28, P.S. 5880.30.

Title 18 U.S.C. § 3584 governs the manner in which multiple sentences of imprisonment may be imposed, and provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added). The BOP cites this statute, as well as the statute's legislative history, in Program Statement 5880.28. *See* P.S. 5880.28 at 1-31–1-32. As noted above, Petitioner's federal sentence was silent as to whether it was to run concurrent or consecutive to the previously imposed state sentence. Therefore, pursuant to the clear language of 18 U.S.C. § 3584, the BOP determined that absent express direction to the contrary, Petitioner's federal sentence was intended to run consecutively to his state sentence. Petitioner has not shown any error by the BOP in making this determination.

Petitioner's remaining grounds for relief, including the arguments raised in his amendment, each challenge the imposition of his sentence rather than the execution of his sentence by the BOP. More specifically, Petitioner asserts in ground two that the district court had authority under § 5G1.3 of the Sentencing Guidelines to run his federal sentence and his unexpired state sentences concurrently, and that its failure to do so was essentially a sentencing error. In grounds three and four, he asserts that his 1994 convictions for assault and kidnaping were Alford Pleas,[1] in which he did not admit his actual guilt. Because he did not admit his guilt, Petitioner argues, these convictions should not have been considered crimes of violence and he is therefore "actually innocent" of the Armed Career Criminal Act enhancement.

This court need not reach the merits of Petitioner's arguments because a petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising such challenges. The continuation or

---

[1]In North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), the Supreme Court held that there was no constitutional error in accepting a guilty plea from a defendant who maintains his innocence, as long as there was a factual basis for the plea.

execution of an initially valid confinement is generally the sole issue in a § 2241 action.  *See* Thomas v. Crosby, 371 F.3d 782, 810  (11th Cir. 2004) (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)); Broussard v. Lippman, 643 F.2d 1131 (5th Cir. 1981); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also* Chambers v. United States, 106 F.3d 472, 474–75 (2d Cir.1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition).  Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and type of detention.  *See* Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).  A collateral attack on the validity of a federal conviction and sentence, including the imposition of sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction.  Antonelli, 542 F.3d at 1351; Jordan, 915 F.2d at 629; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hadjuk v. United States, 764 F.2d 795 (11th Cir. 1985).

Defendant indicates that he has not filed a motion under 28 U.S.C. § 2255, and the time for doing so may well have elapsed.  This alone does not allow him to proceed under 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis).  The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005); *see also* Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001); United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong means a petitioner's claim fails. *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008). To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited. Darby, *supra* (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). This Petitioner is unable to do, and his case fails on all three prongs of the Wofford test.

Furthermore, to proceed on the merits of his claim under § 2241, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. § 2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. *See, e.g.*, Wofford, *supra*; Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Likewise, the fact that Petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. Jiminian v. Nash, 245 F.3d 144, 147–48 (2d Cir. 2001); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999). And, section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); Haugh v. Booker, 210 F.3d 1147 (10th Cir. 2000). Thus, his petition must be dismissed.

Accordingly, it is **ORDERED**:

Petitioner's motion to amend petition (doc. 18) is **GRANTED** to the extent that this court has considered his arguments in ruling on his petition.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1), as amended, be **DENIED and DISMISSED with prejudice.**

At Pensacola, Florida, this 30<u>th</u> day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

       **Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**